UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, et al., ex rel. MAX BENNETT,<br><br>Plaintiffs,<br><br>v.<br><br>BIOTRONIK, INC.,<br><br>Defendant. | No. 2:14-cv-2407-KJM-EFB<br><br><br>ORDER |

Attorney Charles Kester and Delaney Kester LLP move to be relieved as counsel for plaintiff-relator Max Bennett. Defendant Biotronik, Inc. did not file an opposition. Having determined the matter appropriate for resolution without a hearing, the court defers ruling on the motion pending receipt and review of information submitted for *in camera* review as ordered below.

The Local Rules of this District require an attorney who would withdraw and leave his or her client *in propria persona* to obtain leave of the court upon a noticed motion. E.D. Cal. L.R. 182(d). The Local Rules also provide that withdrawal is governed by the Rule of Professional Conduct of the State Bar of California. *Id.* California Rule of Professional Conduct 3-700(A)(2) requires an attorney take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment

1

of other counsel, complying with rule 3-700(D) [on release of a client's papers and property], and complying with applicable laws and rules." The Rules do not allow an attorney to withdraw unless, among other reasons, "[t]he client . . . renders it unreasonably difficult for the member to carry out the employment effectively, or . . . breaches an agreement or obligation to the member as to expenses or fees . . . [or] [t]he member believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal." Cal. R. Prof. Conduct 3-700(C).

The decision to grant or deny a motion to withdraw is within the court's discretion. *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 09-01184, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)). District courts in this circuit have considered several factors when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to the client, prejudice to the other litigants, harm to the administration of justice, and possible delay. *Deal v. Countrywide Home Loans*, No. 09-01643, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010); *CE Resource, Inc. v. Magellan Group, LLC*, No. 08-02999, 2009 WL 3367489 at *2 (E.D. Cal. 2009); *Beard v. Shuttermart of Cal., Inc.*, No. 07-594, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008). The correct resolution is the one that is equitable in light of the circumstances of the particular case. *See CE Resources*, 2009 WL 3367489, at *2 ("Ultimately, the court's ruling must involve a balancing of the equities.").

Here, Mr. Kester reports that "without hesitation I can represent to the Court that the necessary trust and cooperation between attorney and client <u>mutually</u> no longer exists; and consequently, Delaney Kester cannot ethically continue to represent Bennett." Kester Decl. ¶ 2, ECF No. 31 (emphasis in original). He also reproduces a paragraph from the fee agreement between Delaney Kester and Bennett:

> 11. Termination of Attorney-Client Relationship. Client understands that if at any point Attorneys determine that it would not be prudent to file or continue a lawsuit, or to pursue an appeal of a trial court ruling, Attorneys may, at their sole discretion, conclude their investigation and/or prosecution of the case(s) brought or pursued on Client's behalf. Client understands that in the event that the federal government (or other relevant government

>agency) elects not to join the whistleblower lawsuit, it is possible that Attorneys will seek to withdraw from any lawsuit filed or pursued under this Agreement.  Client further understands that if at such time a complaint already has been filed, then the permission of the Court likely will be required for the Attorneys' withdrawal from the case.  In such event, Client agrees to consent to the Attorneys' withdrawal from the case, and Client will not be liable to Attorneys for legal fees, expenses, or costs incurred in the case.

*Id.* at 1–2 (emphasis omitted).  Kester reports that despite this promise, Bennett has refused to agree to Delaney Kester's withdrawal.  *Id.* ¶ 4.

Repeated failures in communication may justify an attorney's withdrawal.  *See, e.g.*, *Sanchez v. City of Fresno*, No. 13-0291, 2013 WL 5274276, at *2 (E.D. Cal. Sept. 17, 2013) (collecting authority to show "[t]he lack of a cooperative relationship between an attorney and his client may justify the attorney's withdrawal").  But Kester's generalized declaration leaves the court without sufficient information to weigh the merits of his motion.  This case is also somewhat more complicated than most when it comes to attorney withdrawal:  "a *pro se* relator cannot prosecute a *qui tam* action on behalf of the United States . . . ."  *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1127 (9th Cir. 2007).  If Bennett is unable to find counsel within a reasonable time, his case must be dismissed.  *Id.* at 1128.

The court therefore orders as follows:

(1) Counsel, Charles Kester, shall immediately serve a copy of this order on Max Bennett.

(2) Mr. Kester shall also submit, in writing and for the court's *in camera* review, specific reasons he believes withdrawal is necessary.  He shall do so within seven days, and shall serve the same writing on Max Bennett by the same date, filing proof of service on the court's docket.

(3) No more than seven days after Mr. Bennett receives Mr. Kester's specific reasons, Mr. Bennett shall submit any response he has for the court's *in camera* review.  In any response, Mr. Bennett shall indicate whether he will continue to prosecute this case if Mr. Kester is no longer his attorney, whether he has sought replacement counsel, and if so, what efforts he

3

has taken to find replacement counsel.  This response shall be in writing and shall be sent to Mr. Kester on the same day it is sent to the court.

        (4) Messrs. Kester and Bennett may submit their reasons and responses to this order for *in camera* review by email to kjmorders@caed.uscourts.gov, and shall not file these documents on the docket.

        IT IS SO ORDERED.

DATED:  September 3, 2015.

                                             UNITED STATES DISTRICT JUDGE